UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILSON CLARK, III                                          CIVIL ACTION

VERSUS                                                     NUMBER: 18-7665

MARRERO ESTELLE FIRE                                       SECTION: "M"(5)
DEPARTMENT, ET AL.

### REPORT AND RECOMMENDATION

The above-captioned matter is an employment discrimination action brought pursuant to Title VII by *pro se* Plaintiff, Wilson Clark, III, against Defendants, the Marrero Estelle Fire Department ("MEFD"), Kevin Coleman ("Coleman"), and Mike Yenni ("Yenni"), Jefferson Parish President. (Rec. doc. 1, p. 1). Plaintiff's application for leave to file this matter *in forma pauperis* ("IFP") was granted by the Court on September 12, 2018. (Rec. doc. 7). On that same date, three summons were issued by the Clerk's Office and were forwarded to Plaintiff along with an instructional letter ("Pauper Letter") advising him that the U.S. Marshal was available to effect service on his behalf under Rule 4(c)(3), Fed. R. Civ. P., upon being furnished with the necessary paperwork. (Rec. docs. 7-1, 8).

Pursuant to Plaintiff's motion, on November 26, 2018, the Court granted him until December 14, 2018 within which to have the Defendants served and to file proof thereof in the record. (Rec. docs. 12, 13). Shortly thereafter, MEFD and Yenni were served and were later granted extensions of time within which to respond to Plaintiff's complaint. (Rec. docs. 14-19). As Defendant Coleman remained unserved despite the passage of over 90 days since summons were first issued, in accordance with Local Rule 16.2, the Court ordered Plaintiff to show cause ("Rule to Show Cause"), in writing and on or before January 23, 2019, as to why his claims against that Defendant should not be dismissed for failure to prosecute. (Rec.

doc. 20). Unfortunately, there has been no response to the Court's Rule to Show Cause, a copy of which was duly mailed to Plaintiff at his address of record and has not been returned as undeliverable, and proof of service upon Coleman is still absent from the record.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor. *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).

It has now been over four months since this lawsuit was filed and proof of service on Defendant Coleman is lacking. By scheduling the Rule to Show Cause, the Court hoped to bring this deficiency to the attention of Plaintiff and to impress upon him the need to take steps to prosecute his case as to that Defendant. Unfortunately, Plaintiff has not responded to the Rule to Show Cause and, as far as the record reflects, no further efforts with respect to service on Coleman have been taken. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's claims against Defendant Coleman be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant, Kevin Coleman, be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [1]

New Orleans, Louisiana, this  28th  day of      January    , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.