UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILSON CLARK III | CIVIL ACTION |
| VERSUS | NO. 18-7665 |
| MARRERO ESTELLE FIRE DEPARTMENT | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion of defendant Marrero Estelle Fire Department (the "Fire Department") for summary judgment.[1] The motion was set for submission on April 8, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was March 31, 2021. Plaintiff Wilson Clark, III, proceeding *pro se*, has not filed an opposition.[2] Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 76.

[2] Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[3] This case involves allegations of racial discrimination and retaliation in the workplace. R. Doc. 1. The Fire Department hired Clark in 2007, but he resigned less than a year later. R. Doc. 76-1 at 1. He was rehired to the same position in April 2012 and terminated on May 24, 2017. *Id.* at 2. Clark filed an EEOC charge on May 23, 2017, in which he alleged that he had been subjected to racist remarks and passed over for two promotions. R. Doc. 76-7. On May 7, 2018, Clark received his right-to-sue letter from the EEOC informing him he had 90 days to file his lawsuit. R. Doc. 76-8. Summary judgment is appropriate because Clark's claims are untimely. He did not file suit within 90 days of receiving his right-to-sue letter. "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC" and this deadline is to be "strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (emphasis in original). When the date of receipt is unknown, courts should apply a presumption that the letter was received three days after it was sent. *Jenkins v. San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). In this case, the right-to-sue letter was mailed on May 7, 2018. R. Doc. 76-8. In the absence of proof to the contrary, it is presumed that Clark received the letter on May 10, 2018. That means he was required to file suit on or before August 8, 2018. Clark filed his complaint five days later on August 13, 2018. R. Doc. 1. Therefore, his lawsuit is untimely and must be dismissed.

IT IS ORDERED that the motion of Marrero Estelle Fire Department for summary judgment (R. Doc. 76) is GRANTED, and plaintiff's claims against it are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 5th day of April, 2021.

*[signature]*
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE